IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRAVIS DEAN KNOTTS                                                                              PLAINTIFF

      v.                                            CIVIL NO. 09-5132

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                               DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      Plaintiff, Travis Dean Knotts, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

      Plaintiff protectively filed his current application for SSI on February 14, 2007, alleging an inability to work due to his diabetes mellitus. (Tr. 49, 100). An administrative hearing was held on November 14, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 11-36).

      By written decision dated February 3, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 44). Specifically, the ALJ found Plaintiff had the following severe impairments: diabetes mellitus and degenerative joint disease of the knees. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 44). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the following:

> light work as defined in 20 C.F.R. 416.967(b) except the claimant can frequently reach overhead, use foot controls, climb stairs/ramps, balance and stoop, but can no more than occasionally kneel, crouch, or crawl, and cannot drive.[1]

(Tr. 44). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a toy assembler, a fast food worker, and a machine tender. (Tr. 47).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which, after reviewing additional evidence submitted by Plaintiff, denied that request on May 4, 2009. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 7, 11).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

---

[1] 20 C.F.R. 416.967(b) states the following:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

AO72A
(Rev. 8/82)

economy given his age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ found Plaintiff retained the RFC to perform light work. In making this determination, the ALJ stated he assigned controlling weight to the Medical Source

AO72A
(Rev. 8/82)

Statement of Ability to do Work-Related Activities (Physical)(hereinafter "assessment")[2] completed by consultative examiner, Dr. C.R. Magness. (Tr. 46, 160-172). After reviewing this assessment, the undersigned is troubled by the fact that the ALJ stated he gave controlling weight to Dr. Magness's opinion to determine Plaintiff's RFC, but failed to discuss Dr. Magness's opinion that Plaintiff had a learning deficiency and antisocial behavior that would prohibit socialization and cognitive thinking. As these limitations were discussed by Dr. Magness and may impact Plaintiff's ability to perform in the work place, the undersigned finds remand warranted so that the ALJ can more fully and fairly develop the record regarding Plaintiff's antisocial behavior and learning deficiency.

On remand, the ALJ is directed to address interrogatories to Dr. Magness asking him to complete a mental RFC assessment regarding Plaintiff's capabilities during the time period in question, and to give the objective basis for his opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. Chitwood v. Bowen, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986);

---

[2] In the May 20, 2008, assessment, Dr. Magness opined Plaintiff could lift/carry fifty-one to one hundred pounds occasionally, fifty pounds frequently; could sit for a total of six hours in an eight-hour work day, four hours without interruption; could stand up to four hours in an eight-hour work day, thirty minutes without interruption; and could walk up to six hours in an eight-hour work day, one hour without interruption. Dr. Magness opined Plaintiff did not require the use of a cane to ambulate. Dr. Magness opined Plaintiff could frequently reach, handle, finger, feel, push, pull and operate foot controls. Regarding postural activities, Dr. Magness opined Plaintiff could frequently climb stairs and ramps, balance and stoop; and occasionally climb ladders or scaffolds, kneel, crouch and crawl. Dr. Magness indicated he did not evaluate if any of Plaintiff's impairments affected his hearing or vision. With regard to environmental limitations, Dr. Magness opined Plaintiff could occasionally tolerate exposure to humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme cold and extreme heat; and frequently tolerate exposure to unprotected heights, moving mechanical parts, operating a vehicle and vibrations. Keeping only Plaintiff's physical impairments in mind, Dr. Magness opined Plaintiff could shop; travel without a companion for assistance; ambulate without using a wheelchair, walker, two canes or two crutches; walk a block at a reasonable pace on rough or uneven surfaces; use standard public transportation; climb a few steps at a reasonable pace with the use of a single hand rail; prepare a simple meal and feed himself; care for personal hygiene; and sort, handle and use paper/files. Dr. Magness opined Plaintiff's antisocial behavior and learning deficiency prohibited socialization and cognitive thinking. (Tr. 166-172).

Dozier v. Heckler, 754 F.2d 274, 276 (8th Cir. 1985). We *strongly* recommend the ALJ order a consultative mental evaluation, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's mental abilities to perform work related activities. See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991).

**IV.     Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of June 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)